UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

VICKIE SEAL

VERSUS

WAL-MART STORES, INC., ET AL

CIVIL ACTION

NUMBER 11-718-BAJ-SCR

**ORDER TO AMEND COMPLAINT**

Defendant Wal-Mart Stores, Inc. removed this case from state court asserting subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship. Plaintiff's First Supplemental and Amended Petition, filed after removal, substituted Wal-Mart Louisiana, LLC as the defendant in place of Wal-Mart Stores, Inc.[1]

Plaintiff's amended complaint is timely under Rule 15(a)(1)(B), Fed.R.Civ.P. However, in a removed case in which jurisdiction depends on citizenship, the court must also take into account the provisions of 28 U.S.C. 1447(e), which provides, in relevant part, as follows:

> (e) If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

Plaintiff's First Supplemental and Amended Petition names Wal-Mart Louisiana, LLC as the new defendant and alleges that it is "a foreign limited liability company authorized to do and doing business in the State of Louisiana."

---

[1] Record document number 4.

When subject matter jurisdiction depends on citizenship, the citizenship of each party must be distinctly and affirmatively alleged in accordance with § 1332(a) and (c).[2]

Under § 1332(c)(1) a corporation is deemed to be a citizen of every state in which it is incorporated and of the state in which it has its principal place of business. For purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members.[3] Thus, to properly allege the citizenship of a limited liability company, the citizenship of its members must be alleged in accordance with § 1332(a) and (c).[4]

Plaintiff's jurisdictional allegation regarding Wal-Mart Louisiana, LLC are not sufficient for the court to determine whether its joinder will have any impact on diversity jurisdiction. Based on a review of other removed cases in which Wal-Mart

---

[2] *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991), *citing*, *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)(quoting 2A Moore's Federal Practice ¶ 8.10, at 1662).

[3] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *see Carden v. Arkoma Associates*, 494 U.S. 185, 110 S.Ct. 1015, 1021 (1990).

[4] The same requirement applies to any member of a limited liability company which is also a limited liability company or a partnership. *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154 (M.D.La. Sept. 24, 2007)(when partners or members are themselves entities or associations, citizenship must be traced through however many layers of members or partners there are).

2

Louisiana, LLC is a defendant, it appears that its joinder in this case would not destroy diversity jurisdiction.[5]  Nonetheless, the court cannot determine from simply reviewing other case records whether the membership of Wal-Mart Louisiana, LLC has changed since those cases were removed.  Although that is unlikely, the better course is for the plaintiff to file an amended complaint which properly alleges the citizenship of Wal-Mart Louisiana, LLC.[6]

Therefore;

IT IS ORDERED that plaintiff Vicki Seal shall have 14 days to file an amended complaint which properly alleges the citizenship of Wal-Mart Louisiana, LLC.

**Failure to comply with this order may result in the Plaintiff's First Supplemental and Amended Petition case being stricken.**

Baton Rouge, Louisiana, December 8, 2011.

                                           /s/ Stephen C. Riedlinger
                                           STEPHEN C. RIEDLINGER
                                           UNITED STATES MAGISTRATE JUDGE

---

[5] See, e.g. *Jones v. Wal-Mart Louisiana, LLC, et al.*, CV 11-738-JJB-DLD, removed October 31, 2011; *London v. Wal-Mart Stores, Inc., et al.*, removed May 24, 2011; *Stockstill v. Wal-Mart Stores, Inc., et al.*, CV 10-95-FJP-SCR, removed February 5, 2010.

[6] The citizenship of Wal-Mart Louisiana, LLC is not an adjudicative fact which can be judicially noticed pursuant to Rule 201, Fed.R.Evid.